# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2582 | **DATE** | 4/24/2003 |
| **CASE TITLE** | Tony Silva vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due ____. Reply to answer brief due ____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Both Silva's Complaint and this action are dismissed for lack of subject matter jurisdiction. That being the case, he has managed to save the $150 filing fee, and it will not be necessary for him to cure the other defects identified at the outset of this memorandum order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/24/2003 | |
| | | | date mailed notice | |
| | SN | courtroom deputy's initials | | SN |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY SILVA,                    )
                               )
            Plaintiff,         )
                               )
      v.                       )      No. 03 C 2582
                               )
UNITED STATES,                 )
                               )
            Defendant.         )

DOCKETED
APR 25 2003

## MEMORANDUM ORDER

Tony Silva ("Silva") has mailed to this District Court's Clerk's Office the signed original of a Complaint against the United States, seeking a trial by jury (which under law is unavailable against the United States as sovereign) and a judgment for $950,000 in compensatory damages. Although Silva's submission has several other defects--his failure to pay the $150 filing fee, his failure to tender enough counterparts to provide for service of process together with copies of the Complaint itself and his inadvertent omission of page 6 of the Complaint--another flaw that is fatal to Silva's action requires this Court to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

As the Complaint reflects, Silva has previously been unsuccessful in attempting to proceed before the United States Court of Federal Claims--that Court's dismissal for lack of jurisdiction of the complaint that he had tendered there was affirmed by the Court of Appeals for the Federal Circuit last

October (No. 02-5080, 51 Fed. Appx. 12, 2002 WL 31260448 (Fed. Cir. Oct. 9)). At the end of the Federal Circuit's per curiam opinion, Silva was told:

> The proper forum for the requested relief, if available, is the district courts.

But Silva has not heeded the critical "if available" portion of that message. As the attached photocopy of the first page of his current Complaint reflects, he seeks to advance a tort claim under 28 U.S.C. §§1346(b) and 2680(h).[1] But the Federal Tort Claims Act, of which Section 2680 is a part, establishes as an essential precondition to bringing any lawsuit based on the asserted misconduct of federal employees the need to have presented that claim to the appropriate federal agency and to have had the claim either denied or not acted upon within a specified period (see Section 2675). Because Silva has failed to comply with that precondition to suit, this Court lacks jurisdiction.[2]

Accordingly both Silva's Complaint and this action are dismissed for lack of subject matter jurisdiction. That being the case, he has managed to save the $150 filing fee, and it will

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Because this memorandum order addresses only the subject of jurisdiction, nothing is said or implied here as to whether Silva's administrative claim or any ensuing lawsuit would be timely.

not be necessary for him to cure the other defects identified at the outset of this memorandum order.

                                              /s/ Milton I. Shadur
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: April 24, 2003

| | |
|---|---|
| Tony Silva,<br>    Plaintiff<br><br>v.<br><br>United States,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **03C 2582**<br>Tort Claim under 28<br>U.S.C. Section 1346(b)<br>and 2680(h)<br><br>JUDGE SHADUR<br><br>New Case No._____<br><br>**MAGISTRATE JUDGE NOLAN** |

Tort Claim under 28 U.S.C. § 1346(b) and 28 U.S.C. § 2680(h)

## JURISDICTION

The jurisdiction of this Court arises from title 28 U.S.C. Sections 1346(b) and 2680(h) because the subject of this instant case deals with activities such as the abuse of process related to the illegal distribution of Plaintiff's property by the Defendant's employees in their official capacity.

APR 17 2003

## JURY DEMAND

The Plaintiff will request a trial by jury.

## STATEMENT OF THE FACTS/CASE

1) Starting in August 1989, Tony Silva, Plaintiff in the instant case, entered into a breeding loan

1